1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN MICHAEL ERICKSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE BEHAVORIAL HEALTH ADMINISTRATION et al.,<br><br>                    Defendants. | CASE NO. 3:25-cv-05740-DGE<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

This matter comes before the Court sua sponte pursuant to 28 U.S.C. §1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has submitted a complaint against Washington State Department of Social and Health Services, "Tony C", who he identifies as a Social Worker in "Ward F1", Ally Frankovich, Ph.D., and Western State Hospital. (Dkt. No. 6 at 2.) Plaintiff asserts a cause of action under the "8th Amendment right to medical care" and asserts Defendants engaged in "medical malpractice." (*Id.* at 3, 5.) Plaintiff seeks $2 million in damages. (*Id.* at 5.)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 1

1     Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc ). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

    Here, Plaintiff's complaint contains virtually no information about his cause of action. Plaintiff's complaint includes no information about the incident or incidents that gave rise to his complaint, does not describe his alleged injuries, does not explain how Defendants caused his alleged injuries, and does not explain why he is entitled to relief under the 8th Amendment.

    Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this opinion.  Plaintiff shall file an amended complaint no later than **October 31, 2025**.

    The Clerk is directed to calendar this event.

Dated this 3rd day of October, 2025.

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 3